Dear Mayor Rivers,
Our office received an opinion request from you concerning whether the Town of Glenmora ("Town") may reimburse its volunteer firefighters a nominal fee for their efforts in cleaning up a recent petroleum spill.
According to your request, the Town has a fire department with a paid fire chief who has been appointed in accordance with the Lawrason Act. All other firefighters are classified as volunteers. The Glenmora Fire Department recently responded to a petroleum spill caused by a freightliner accident on U.S. Highway 165. The petroleum company who employed the driver of the truck and trailer has taken full responsibility for the resulting hazardous material spill. As a result of the Town's response to the spill, the fire department incurred certain expenses, including the use of vehicles and equipment. Upon request of the fire chief, the petroleum company paid the Town's fire department for its equipment and vehicle usage, as well as payment for `personnel' at an hourly rate of pay.
Based on the facts described above, you ask whether the Town can pay its volunteer firefighters a nominal fee as contemplated by the payment made by the petroleum company. If not, you ask whether the Town may apply the wage portion of the funds received to the Glenmora Fire Department's general fund or whether the wage portion of the funds must be returned to the petroleum company.
La.R.S. 33:1974 permits municipalities to charge to recover extraordinary expenses incurred in cleaning hazardous or nonhazardous materials. It provides, in pertinent part, as follows: *Page 2 
A. Any fire department of a parish, municipality, or fire protection district, and any volunteer fire department shall have the authority to charge any person causing or contributing to a discharge of a hazardous or nonhazardous material or substance the extraordinary expenses associated with the following:
(1) Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
(2) Fighting a fire if such extraordinary expenses were incurred due to the presence of a material or substance which has been discharged.
B. The governing authority of any fire department of a parish, municipality, or fire protection district, and any volunteer fire department may charge an owner of immovable property onto or into which a hazardous or nonhazardous material or substance has been discharged the extraordinary expenses associated with the following if the property owner's negligence in complying with applicable laws, regulations, and fire codes with respect to the material or substance which has been discharged was a cause in fact of such expenses:
(1) Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
(2) Fighting a fire if such extraordinary expenses were incurred due to the presence of the material or substance which has been discharged.
Paragraph (C) of La.R.S. 33:1974 limits the recovery available under this statute to extraordinary expenses only. It provides:
C. Any fire department assessing charges for its costs for actions taken as provided in this Section shall submit an itemized invoice with corresponding receipts, and an explanation of each item or service for which reimbursement is requested, including an explanation of the extraordinary nature of the costs incurred. However, costs for equipment, supplies, or other items or services which tend to create a normal operating budget for the department or that supplement the department's existing budget beyond actual allowable costs for actions taken as provided in this Section shall not be allowed.
As you can see, La.R.S. 33:1974 gives the Town of Glenmora the authority to recover the expenses incurred in cleaning the petroleum spill. However, as noted in paragraph (C) of the statute, recovery under this statute cannot include "costs for equipment, supplies, or other items or services which tend to create a *Page 3 
normal operating budget for the department or that supplement the department's existing budget beyond actual allowable costs for actions taken as provided in this Section." We do not have sufficient information to know whether the payment the Town of Glenmora received was made pursuant to a judgment it received under La.R.S. 33:1974 or whether the petroleum company simply decided to send a check to the Town to cover all (not just extraordinary) expenses associated with cleaning the spill. If the latter, the petroleum company would not be limited to reimbursing the Town for extraordinary expenses only.
Regardless of whether the amount of money the Town received includes reimbursement for "costs for equipment, supplies, or other items or services which tend to create a normal operating budget for the department," the question becomes whether volunteer firefighters can be paid a nominal fee for their services in cleaning up the spill of hazardous material.
La.R.S. 23:1036 of our state's Labor and Worker's Compensation Law, La.R.S. 23:1021, et seq., defines `volunteer firefighters' as "individuals who are carried on the membership list of the organization as active participants in the normal functions of the organization and who receive nominal or no remuneration for their services." Our office has previously opined that reimbursement of a volunteer firefighter is allowable as long as it is nominal. La. Atty. Gen. Op. Nos. 07-0113, 05-0097; see also La. Atty. Gen. Op. No. 01-62 (opining that a fire protection district "may pay its volunteer firefighters a flat fee for each emergency they respond to during off hours."). If the payment is greater than nominal, then the firefighter does not qualify as a volunteer. La. Atty. Gen. Op. No. 08-0031.[1]
La. Atty. Gen. Op. No. 08-0031 addressed whether payment of a nominal fee to a volunteer firefighter changed his status from volunteer to public employee, thereby making him subject to the dual officeholding laws. The opinion included an in depth discussion of what may be considered a `nominal' payment to a volunteer firefighter. It stated, in pertinent part, as follows: *Page 4 
While state law does not specifically define what constitutes a "nominal fee," the federal regulations implementing the federal Fair Labor Standards Act provide guidance for determining whether a fee paid a volunteer is nominal and permissible. 29 C.F.R. § 553.106 states:
§ 553.106 Payment of expenses, benefits, or fees.
(a) Volunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers.
(b) An individual who performs hours of service as a volunteer for a public agency may receive payment for expenses without being deemed an employee for purposes of the FLSA. A school guard does not become an employee because he or she receives a uniform allowance, or reimbursement for reasonable cleaning expenses or for wear and tear on personal clothing worn while performing hours of volunteer service. (A uniform allowance must be reasonably limited to relieving the volunteer of the cost of providing or maintaining a required uniform from personal resources.) Such individuals would not lose their volunteer status because they are reimbursed for the approximate out-of-pocket expenses incurred incidental to providing volunteer services, for example, payment for the costs of meals and transportation expenses.
(c) Individuals do not lose their status as volunteers because they are reimbursed for tuition, transportation and meal costs involved in their attending classes intended to teach them to perform efficiently the services they provide or will provide as volunteers. Likewise, the volunteer status of such individuals is not lost if they are provided books, supplies, or other materials essential to their volunteer training or reimbursement for the cost thereof.
(d) Individuals do not lose their volunteer status if they are provided reasonable benefits by a public agency for whom they perform volunteer services. Benefits would be considered reasonable, for example, when they involve inclusion of individual volunteers in group insurance plans (such as liability, health, life, disability, workers' compensation) or pension plans or "length of service" awards, commonly or traditionally provided to volunteers of State and local government agencies, which meet the additional test in paragraph (f) of this section.
(e) Individuals do not lose their volunteer status if they receive a nominal fee from a public agency. A nominal fee is not a substitute for compensation and must not be tied to productivity. *Page 5 
However, this does not preclude the payment of a nominal amount on a "per call" or similar basis to volunteer firefighters. The following factors will be among those examined in determining whether a given amount is nominal: The distance traveled and the time and effort expended by the volunteer; whether the volunteer has agreed to be available around-the-clock or only during certain specified time periods; and whether the volunteer provides services as needed or throughout the year. An individual who volunteers to provide periodic services on a year-round basis may receive a nominal monthly or annual stipend or fee without losing volunteer status.
(f) Whether the furnishing of expenses, benefits, or fees would result in individuals' losing their status as volunteers under the FLSA can only be determined by examining the total amount of payments made (expenses, benefits, fees) in the context of the economic realities of the particular situation.
 * * *
Accordingly, nothing in the statutory language would directly preclude the payment of nominal per call or even per shift fees to volunteer firefighters as section 553.106(e) specifically provides that a nominal fee can be paid on a "per call" or similar basis for volunteer firefighters.
Please also see Wage and Hour Opinion Letter FLSA2005-51 (Nov. 10, 2005) that contains a recent discussion of the Department's consideration of what payment constitutes a nominal fee for determining an individual's volunteer status. That opinion letter expounds upon the "economic realities" test in the context of school systems and those volunteering by assisting with extracurricular activities, such as coaching sports or sponsoring various clubs. Specifically, this letter states that when a public agency employee volunteers as a coach or extracurricular advisor, the Department will presume the fee paid is nominal as long as the fee does not exceed 20 percent of what the public agency would otherwise pay to hire a full-time coach or extracurricular advisor for the same services. This 20 percent rule is derived from the FLSA and implementing regulations. See Wage and Hour Opinion Letter FLSA2005-51 ("The FLSA and the implementing regulations use a 20 percent test to assess whether something is insubstantial with regard to prohibited driving on public roadways by employees who are 17 years of age."). A willingness to volunteer for 20 percent of the prevailing wage for the job is also a likely indication of the spirit *Page 6 
of volunteerism contemplated by the 1985 amendments to the FLSA. We believe this interpretation of "nominal fee" applies equally in the context of firefighters.
Finally, the regulations instruct that any nominal fees must be considered in the context of any other benefits or expenses paid and the economic reality of the particular situation. Indeed, section 553.106(f) sets forth the "economic realities" test, which specifically provides that the determination of whether the expenses, benefits or fees would preclude an individual from qualifying as a volunteer under the FLSA must be made by examining the total amount of payments in the context of the economic realities of a particular situation.
Our office cannot opine as to what constitutes a nominal payment to a volunteer firefighter. That is a factual determination that must be made by the governing authority after it considers the "economic realities of [the] particular situation" and criteria set forth in 29 C.F.R. § 533.106.
Accordingly, it is the opinion of this office that the Town of Glenmora is authorized to pay its volunteer firefighters a nominal fee for services rendered in connection with a petroleum spill as contemplated by the payment made by the petroleum company. The determination as to what constitutes a nominal fee is a factual determination that must be made by the Town.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:__________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] We are aware of La. Atty. Gen. Op. No. 04-0142, which concluded that "while reimbursement of expenses incurred by hazardous incidents is allowed, reimbursement for the services of volunteer fire fighters is not permitted." That opinion cited the definition of `volunteer fire department' found in La.R.S. 22:342, which is "a voluntary fire company which possesses, in serviceable condition for fire duty, apparatus and equipment having a total value of five thousand dollars or more." The opinion then stated, "a voluntary organization means that volunteers are not paid for their services." It is true that, ordinarily, volunteers are not paid for their services. However, in light of the definition of `volunteer firefighters' in La.R.S. 23:1036 and La. Atty. Gen. Op. Nos. 08-00031, 07-0113, 05-0097 and 01-62, this is not necessarily true with regard to volunteer firefighters. Thus, we do not rely on La. Atty. Gen. Op. No. 04-0142 in reaching our conclusion herein. *Page 1